**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| ADJOUA KRA EVELYNE AVILA on behalf of Herself and all others similarly situated | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.:_____ |
| YESCARE CORP. and CHS TX, INC. d/b/a/ YESCARE | ) ) ) | **CLASS AND COLLECTIVE ACTION** |
| Defendants. | ) ) ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1.    Plaintiff Adjoura Kra Evelyne Avila (**"**Plaintiff"), through counsel, on behalf of herself and all other similarly situated individuals, files her Collective and Class Action Complaint against Defendants YesCare Corp. ("YCC") and CHS TX, Inc. d/b/a YesCare ("CHS") (together, "Defendants").

2.    Through this action, Plaintiff prosecutes her Federal Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b), on behalf of herself and those similarly situated individuals, seeking recovery damages against Defendants, jointly and severally, in the form of earned and unpaid FLSA required time-and-one-half overtime premium wages, statutory liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

3.    Through this action, Plaintiff also prosecutes her Maryland Wage Hour Law ("MWHL") and Maryland Wage Payment Collection Law ("MWPCL") claims

pursuant to Federal Rule 23, on behalf of herself and an opt-out class of similarly situated individuals who perform or performed employment duties within the State of Maryland, seeking individual and class-wide damages against Defendants, jointly and severally, in the form of earned and unpaid Maryland law required time-and-one-half overtime premium wages, statutory liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.[1]

4.      Plaintiff is an adult resident of the State of Maryland.

5.      Plaintiff's written consent to prosecute her FLSA claim in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

6.      YCC is a corporation formed under the laws of the State of Texas.

7.      YCC maintains its principal place of business in Williamson County, Tennessee.

8.      In May 2022, Corizon Health ("Corizon") executed a divisional merger in Texas, forming CHS, which retained Corizon's assets, contracts, and staff.

9.      CHS is a corporation formed under the laws of the State of Texas.

10.      CHS maintains its principal place of business in Williamson County, Tennessee.

11.      Following Corizon's divisional merger, YCC acquired CHS.

12.      During the period August 20, 2022, through the date of judgment in this case (the "Relevant Period"), CHS, as a wholly owned subsidiary of YCC, operated as a continuation of Corizon's former business operation under YCC's "YesCare" branding.

---

[1] The other similarly situated individuals on behalf of whom Plaintiff seeks recovery in this action under the FLSA are referred to herein generally as "FLSA Opt-In Plaintiffs". The other similarly situated individuals on behalf of whom Plaintiff seeks recovery in this action under the MWHL and / or MWPCL are referred to herein as "Class Members".

2

13.     During the Relevant Period, Defendants, as a unified business enterprise acting through a single, common, and centralized management structure, engaged in the singular common business purpose of providing medical, dental, and behavioral health services under custom-designed correctional healthcare programs.

14.     During the Relevant Period, Defendants jointly employed Plaintiff, FLSA Opt-In Plaintiffs, and the Class Members to provide or assist with providing medical, dental, and behavioral health services to more than 475 detention facilities across the United States.

15.     During the Relevant Period, Defendants jointly supervised and managed Plaintiff, FLSA Opt-In Plaintiffs, and the Class Members in the performance of their employment duties through a common centralized management structure.

16.     During the Relevant Period, Defendants set, facilitated, and enforced companywide employment practices and policies for Plaintiff and the Class Members, including payroll policies, PTO and leave policies, and overtime exemption classification and compensation policies, through a common centralized management structure.

17.     During the Relevant Period, Defendants constituted an "employer," "single enterprise employer," "integrated enterprise employer," or "joint employer" for Plaintiff, FLSA Opt-In Plaintiffs, and Class Members, as those terms are defined in the FLSA, MWHL, and MWPCL.

18.     During each year of the Relevant Period, Defendants, both individually and in the aggregate, realized annual gross sales or revenue exceeding $500,000.00.

3

19.    During each year of the Relevant Period, Defendants, both individually and in the aggregate, qualified as enterprises engaged in commerce within the meaning of the FLSA.

20.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FLSA.

21.    This Court properly confers supplemental jurisdiction over Plaintiff's individual and class action state law claims under 28 U.S.C. § 1367 because the same are interrelated and part of the same case and controversy as Plaintiff's individual and collective claims under the FLSA.

22.    Pursuant to 28 U.S.C. § 1391(b), Venue is proper in the United States District Court for the Middle District of Tennessee, Nashville Division.

**FACTS**

23.    From December 2022, through July 30, 2024, Defendants jointly employed Plaintiff as a Reentry Coordinator at a detention facility in Hanover, Maryland.

24.    While employed, the exact number of hours Plaintiff worked varied slightly from week to week.

25.    While employed, Plaintiff regularly and customarily worked more than 40 hours per week.

26.    While employed, Plaintiff regularly and customarily worked hours over 40 hours that should have been paid as overtime hours.

27.    While employed, Plaintiff regularly and customarily worked 45-55 hours or more per week.

28. While employed, Defendants tracked, recorded, and had actual knowledge or notice of all hours Plaintiff worked each week including overtime Plaintiff worked exceeding 40 hours per week.

29. While employed, Defendants suffered or permitted Plaintiff to regularly and customarily work 45-55 hours or more per week.

30. From about December 2022, through about July 2023, Defendants paid Plaintiff at regularly scheduled pay periods for up to forty (40) hours each week in amounts that did not include overtime compensation for hours worked over forty (40) in a workweek. During this time period, Defendants failed to fully or timely pay Plaintiff all of her earned and legally required premium wages due and owing to Plaintiff at the time-and-one-half premium rate for all overtime Plaintiff worked exceeding 40 hours per week.

31. From about August 2023, through about May 2024, Defendants paid Plaintiff at regularly scheduled pay periods the rate of $52.50 per hour, including overtime compensation for hours worked over forty (40) in a workweek.

32. From about June 2024, through about July 30, 2024, Defendants paid Plaintiff at regularly scheduled pay periods for up to forty (40) hours each week in amounts that did not include overtime compensation for hours worked over forty (40) in a workweek. During this time period, Defendants failed to fully or timely pay Plaintiff all of her earned and legally required premium wages due and owing to Plaintiff at the time-and-one-half premium rate for all overtime Plaintiff worked exceeding 40 hours per week.

5

33.  Defendants implemented a Field Paid Time Off (PTO) Policy which was updated from time to time.

34.  At least since November of 2023, Defendants applied a holiday, or "premium day," policy to field-assigned employees. Under this policy, designated holidays were incorporated into the employees' paid time off (PTO) system. The policy stated that if an employee worked on a holiday, they received only their regular salary for the day, with no premium pay. If the employee did not work on a holiday, Defendants deducted eight hours from the employee's PTO balance.

35.  The policy stated that employees scheduled to be off work due to designated holiday were required to use PTO in order to be paid.

36.  This meant that employees ineligible for PTO, or those who did not have available PTO, such as those in a probationary period, could receive no pay for the holiday at all.

37.  By conditioning holiday pay on the availability of PTO and making deductions from PTO when employees did not work, Defendants effectively reduced the employees' predetermined pay based on whether they worked on a holiday and whether they had accrued PTO. These deductions are inconsistent with the requirement that exempt, salaried employees be paid a fixed salary for any week in which work is performed, without reduction for variations in the quality or quantity of work. As a result, Class members were not paid on a true salary basis and were misclassified as exempt, depriving them of overtime compensation to which they were entitled.

6

38.     Following the conclusion of Plaintiff's employment, and continuing thereafter, Defendants withheld and failed to fully pay Plaintiff all of her earned and legally required premium wages due and owing to Plaintiff at the time-and-one-half premium rate for all overtime Plaintiff worked exceeding 40 hours per week.

## CLASS ALLEGATIONS

39.     During the Relevant Period:

a.      In at least 1 week, Defendants promised to pay Plaintiff and more than 200 Class Members on a "salary" rate for performing medical, dental, and behavioral health and/or related employment duties in detention facilities within the State of Maryland;

b.      In at least 1 week, Defendants classified Plaintiff and these Class Members as "exempt" from the Maryland law requiring Defendants to pay Plaintiff and these Class Members time-and-one-half premium wages for all overtime work exceeding 40 hours per week;

c.      In at least 1 week, Defendants suffered or permitted Plaintiff and these Class Members to work overtime exceeding 40 hours;

d.      In at least 1 week, Defendants failed to pay Plaintiff and these Class Members at the Maryland required time-and-one-half rate for all overtime work exceeding 40 hours; and

e.      For at least one regularly scheduled pay period or upon the conclusion of employment, Defendants withheld or failed to fully or timely pay Plaintiff and these Class Members all Maryland required time-and-one-half overtime

premium wages due and owing for all weekly overtime work exceeding 40

hours.

("the Maryland Class").

## THE 29 U.S.C. § 216(b) FLSA CLAIMS

40. During the Relevant Period, Defendants promised to pay Plaintiff and the FLSA Opt-In Plaintiffs on a "salary" rate for performing medical, dental, and behavioral health and/or related employment duties in detention facilities within the United States.

41. During the Relevant Period, Defendants classified Plaintiff and the FLSA Opt-In Plaintiffs as "exempt" from the FLSA requirement mandating that Defendants pay them time-and-one-half premium wages for all overtime work performed exceeding 40 hours per week.

42. During the Relevant Period, Defendants suffered or permitted Plaintiff and the FLSA Opt-In Plaintiffs to work overtime exceeding 40 hours per week.

43. During the Relevant Period, Defendants failed to pay Plaintiff or any other FLSA Opt-In Plaintiff in full compliance with the "salary basis" test because Defendants maintained and held full authority to enforce common and class-wide policy under which Plaintiff and other FLSA Opt-In Plaintiffs were subject to pay reduction for absences occasioned by Defendants or the operating requirements of Defendants' business.

44. During the Relevant Period, Defendants failed to pay Plaintiff or any other FLSA Opt-In Plaintiffs in full compliance with the "salary basis" test because Defendants maintained and held full authority to enforce common and class-wide written policy

8

dictating that Defendants' office or the assigned detention facility is closed on a company-designated holiday, due to weather, or premium pay day, and Plaintiff or any other FLSA Opt-In Plaintiffs does not have sufficient accrued Paid Time Off (PTO), Plaintiff or any other FLSA Opt-In Plaintiff's promised salary will be docked and reduced.

45. During the Relevant Period, Defendants failed to pay Plaintiff or any other FLSA Opt-In Plaintiff in full compliance with the "salary basis" test because Defendants maintained and held full authority to enforce common and class-wide policy authorized Defendants to reduce Plaintiff or any other FLSA Opt-In Plaintiff's promised salary, even if Plaintiff or any other FLSA Opt-In Plaintiff is ready, willing, and able to work, and even though the closure is entirely at Defendants' discretion.

46. During the Relevant Period, neither Plaintiff nor any other FLSA Opt-In Plaintiff was "exempt" from the FLSA requirement that Defendants pay Plaintiff and FLSA Opt-In Plaintiffs premium wages at the time-and-one-half rate for all overtime Plaintiff and FLSA Opt-In Plaintiffs worked exceeding 40 hours per week.

47. Defendants violated Plaintiff and the FLSA Opt-In Plaintiffs' overtime compensation rights each week during the Relevant Period that Defendants suffered or permitted Plaintiff or any the FLSA Opt-In Plaintiffs to work overtime exceeding 40 hours without paying Plaintiff and FLSA Opt-In Plaintiffs for each overtime hour exceeding 40 per week at the FLSA required time-and-one-half overtime premium rate.

9

48.    Defendants owe FLSA damages to Plaintiff and FLSA Opt-In Plaintiffs in an amount equal to Plaintiff and FLSA Opt-In Plaintiffs earned and unpaid time-and-one-half overtime premium wages owed for overtime worked exceeding 40 hours per week during the Relevant Period, statutory liquidated damages in an equal amount, pre- and post-judgment interest, and attorneys' fees and costs.

49.    Pursuant to 29 U.S.C. § 216(b), this Court should authorize notice to each "similarly situated" FLSA Opt-In Plaintiff of his or her right to complete and file an FLSA Consent Form to Opt-In to this action and permit all FLSA Opt-In Plaintiffs to prosecute their FLSA claims in this case with Plaintiff and against Defendants.

## RULE 23 CLASS ALLEGATIONS

50.    During the Relevant Period, Defendants promised to pay Plaintiff and the members of the Maryland Class on a "salary" rate for performing medical, dental, and behavioral health and/or related employment duties in detention facilities within the State of Maryland.

51.    During the Relevant Period, Defendants classified Plaintiff and members of the Maryland Class as "exempt" from the Maryland law requiring Defendants to pay Plaintiff and these Class Members time-and-one-half premium wages for all overtime work exceeding 40 hours per week.

52.    During the Relevant Period, Defendants suffered or permitted Plaintiff and the members of the Maryland Class to work overtime exceeding 40 hours per week.

53.    During the Relevant Period, Defendants failed to pay Plaintiff and the members of the Maryland Class at the Maryland law required time-and-one-half rate for all overtime work exceeding 40 hours.

10

54.     During the Relevant Period, for at least one regularly scheduled pay period and upon the conclusion of employment, Defendants withheld or failed to fully or timely pay Plaintiff and the members of the Maryland Class all Maryland law required time-and-one-half overtime premium wages due and owing for all weekly overtime work exceeding 40 hours.

55.     During the Relevant Period, Defendants failed to pay Plaintiff or any other member of the Maryland Class in full compliance with the "salary basis" test because Defendants maintained and held full authority to enforce common and class-wide policy under which Plaintiff and other members of the Maryland Class were subject to pay reduction for absences occasioned by Defendants or the operating requirements of Defendants' business.

56.     During the Relevant Period, Defendants failed to pay Plaintiff or any other member of the Maryland Class in full compliance with the "salary basis" test because Defendants maintained and held full authority to enforce common and class-wide written policy dictating that Defendants' office or the assigned detention facility is closed on a company-designated holiday, due to weather, or premium pay day, and Plaintiff or any other member of the Maryland Class does not have sufficient accrued Paid Time Off (PTO), Plaintiff or any other member of the Maryland Class's promised salary will be docked and reduced.

57.     During the Relevant Period, Defendants failed to pay Plaintiff or any other member of the Maryland Class in full compliance with the "salary basis" test because Defendants maintained and held full authority to enforce common and class-wide policy authorized Defendants to reduce Plaintiff or any other member of the

Maryland Class's promised salary, even if Plaintiff or any other member of the Maryland Class is ready, willing, and able to work, and even though the closure is entirely at Defendants' discretion.

58. During the Relevant Period, neither Plaintiff nor any other member of the Maryland Class was "exempt" from the Maryland law requiring Defendants to pay Plaintiff and each member of the Maryland Class premium wages at the time-and-one-half rate for all overtime Plaintiff and each member of the Maryland Class worked exceeding 40 hours per week.

59. Defendants violated Plaintiff and each member of the Maryland Class's MWHL overtime compensation rights each week during the Relevant Period that Defendants suffered or permitted Plaintiff or any member of the Maryland Class to work overtime exceeding 40 hours without paying Plaintiff and each member of the Maryland Class for each overtime hour exceeding 40 per week at the Maryland law required time-and-one-half overtime premium rate.

60. Defendants violated Plaintiff and each member of the Maryland Class's MWPCL wage payment rights each regularly scheduled pay period during the Relevant Period or upon the conclusion of Plaintiff or any member of the Maryland Class's employment that Defendants failed to fully or timely pay Plaintiff and each member of the Maryland Class for each overtime hour exceeding 40 per week at the Maryland law required time-and-one-half overtime premium rate.

61. All members of the Maryland Class are readily ascertainable from records within Defendants' possession, custody, or control.

62.     There are more than 50 members of the Maryland Class, making joinder of all members of the Maryland Class impracticable.

63.     Plaintiff's MWHL and MWPCL claims are typical of those claims which could be alleged by any member of the Maryland Class and the relief sought is typical of the relief which would be sought by each member of the Maryland Class in separate actions.

64.     Defendants owe commonly owe MWHL damages to Plaintiff and each member of the Maryland in an amount equal to Plaintiff and each member of the Maryland Class's earned and unpaid time-and-one-half overtime premium wages owed for overtime worked exceeding 40 hours per week during the Relevant Period, statutory liquidated damages in an equal amount, pre- and post-judgment interest, and attorneys' fees and costs.

65.     Defendants owe commonly owe MWPCL damages to Plaintiff and each member of the Maryland Class in an amount equal to Plaintiff and each member of the Maryland Class's earned and unpaid time-and-one-half overtime premium wages owed for overtime worked exceeding 40 hours per week during the Relevant Period, statutory liquidated damages in an additional 2x the amount due and owing (a total of 3x or trebled damages), pre- and post-judgment interest, and attorneys' fees and costs.

66.     Plaintiff and the members of the Maryland Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants during the Relevant Period in violation of the Maryland time-and-one-half overtime compensation requirement.

67. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of each member of the Maryland Class and have no interests antagonistic to the members of the Maryland Class.

68. The central questions of fact and law determinative of Plaintiff's MWHL and MWPCL claims and the MWHL and MWPCL claims belonging to the members of the Maryland Class are common, class-wide, and predominate over any questions affecting only individual members.

69. An Class Action under Federal Rule 23 adjudicating the common and typical MWHL and MWPCL claims held by the members of the Maryland Class against Defendants is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the MWHL or MWPCL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

70. Class-wide adjudication of Plaintiff's individual MWHL and MWPCL claims and the common and typical MWHL and MWPCL claims belonging to the members of the Maryland Class promotes consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**CAUSES OF ACTION**

**COUNT I**
**Violation of the FLSA**

71. Plaintiff, on behalf of herself and on behalf of FLSA Opt-In Plaintiffs, re-alleges and incorporates by reference all paragraphs set forth above as if restated herein.

72. During the Relevant Period, Defendants failed to pay Plaintiff and FLSA Opt-In Plaintiffs in full compliance with the "salary basis" test.

73. During the Relevant Period, neither Plaintiff nor any FLSA Opt-In Plaintiff was "exempt" from the FLSA time-and-one-half overtime compensation mandate.

74. During the Relevant Period, the FLSA required Defendants to pay Plaintiff and FLSA Opt-In Plaintiffs at the time-and-one-half premium rate for all overtime Plaintiff and FLSA Opt-In Plaintiffs worked exceeding 40 hours per week.

75. During the Relevant Period, Defendants suffered or permitted Plaintiff and FLSA Opt-In Plaintiffs to work overtime exceeding 40 hours per week.

76. During the Relevant Period, Defendants violated Plaintiff and FLSA Opt-In Plaintiffs' FLSA overtime compensation rights by failing to pay Plaintiff or the FLSA Opt-In Plaintiffs at the FLSA required time-and-one-half premium rate for all overtime Plaintiff and each FLSA Opt-In Plaintiff worked exceeding 40 hours per week.

77. On information and belief, prior to and during the Relevant Period, Defendants had actual or constructive knowledge of the FLSA overtime compensation requirements and Defendants' failure to abide by the same in compensating Plaintiff and FLSA Opt-In Plaintiffs was willful, knowing, intentional or, at minimum, reckless.

78. On information and belief, Defendants' failure to compensate Plaintiff and FLSA Opt-In Plaintiffs during the Relevant Period as required by the FLSA overtime compensation mandate was not the product of good faith on the part of Defendants.

15

79. Defendants are jointly and severally liable to Plaintiff and the FLSA Opt-In Plaintiffs who file an FLSA Opt-In Consent Form in an amount equal to his or her earned and unpaid time-and-one-half overtime premium wages owed for overtime worked exceeding 40 hours per week during the Relevant Period, statutory liquidated damages in an equal amount, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT II
## Violation of the MWHL

80. Plaintiff, on behalf of herself and the Maryland Class, re-alleges and incorporates by reference all paragraphs set forth above as if restated herein.

81. During the Relevant Period, Defendants failed to pay Plaintiff or the members of the Maryland Class in full compliance with the "salary basis" test.

82. During the Relevant Period, neither Plaintiff nor any member of the Maryland Class was "exempt" from the MWHL time-and-one-half overtime compensation mandate.

83. During the Relevant Period, the MWHL required Defendants to pay Plaintiff and each member of the Maryland Class at the time-and-one-half premium rate for all overtime Plaintiff and each member of the Maryland Class worked exceeding 40 hours per week.

84. During the Relevant Period, Defendants suffered or permitted Plaintiff and the members of the Maryland Class to work overtime exceeding 40 hours per week.

85. During the Relevant Period, Defendants violated Plaintiff and the members of the Maryland Class's MWHL overtime compensation rights by failing to pay Plaintiff or the members of the Maryland Class at the MWHL required time-and-one-half

16

premium rate for all overtime Plaintiff and each member of the Maryland Class worked exceeding 40 hours per week.

86.     On information and belief, Defendants' failure to compensate Plaintiff and the members of the Maryland Class during the Relevant Period as required by the MWHL overtime compensation mandate was not the product of good faith on the part of Defendants.

87.     Under the MWHL, Defendants are jointly and severally liable to Plaintiff and each member of the Maryland Class in an amount equal to his or her earned and unpaid time-and-one-half overtime premium wages owed for overtime worked exceeding 40 hours per week during the Relevant Period, statutory liquidated damages in an equal amount, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT III
## Violation of the MWPCL

88.     Plaintiff, on behalf of herself and the Maryland Class, re-alleges and incorporates by reference all paragraphs set forth above as if restated herein.

89.     During the Relevant Period, Defendants failed to pay Plaintiff or the members of the Maryland Class in full compliance with the "salary basis" test.

90.     During the Relevant Period, neither Plaintiff nor any member of the Maryland Class was "exempt" from the Maryland law time-and-one-half overtime compensation mandate.

91.     During the Relevant Period, Maryland law required Defendants to pay Plaintiff and each member of the Maryland Class at the time-and-one-half premium rate for all overtime Plaintiff and each member of the Maryland Class worked exceeding 40 hours per week.

17

92.     During the Relevant Period, Defendants suffered or permitted Plaintiff and the members of the Maryland Class to work overtime exceeding 40 hours per week.

93.     During the Relevant Period, Defendants violated Plaintiff and the members of the Maryland Class's MWPCL wage payment rights by failing to fully pay Plaintiff or the members of the Maryland Class all Maryland law required time-and-one-half premium rate for all overtime Plaintiff and each Maryland Class member worked exceeding 40 hours per week each regularly scheduled pay period.

94.     During the Relevant Period, Defendants violated Plaintiff and the members of the Maryland Class's MWPCL wage payment rights by failing to fully pay Plaintiff or the members of the Maryland Class all Maryland law required time-and-one-half premium rate for all overtime Plaintiff and each Maryland Class member worked exceeding 40 hours per week upon the conclusion of Plaintiff or any Maryland Class Member's employment.

95.     On information and belief, prior to and during the Relevant Period, Defendants had actual or constructive knowledge of the Maryland overtime compensation requirements and Defendants' failure to abide by the same in compensating Plaintiff and the members of the Maryland Class were willful, knowing, intentional or, at minimum, reckless.

96.     On information and belief, Defendants' failure to compensate Plaintiff and the members of the Maryland Class during the Relevant Period as required by the Maryland law overtime compensation mandate was not the product of good faith or a *bona fide* dispute on the part of Defendants.

97.     Defendants are jointly and severally liable to Plaintiff and each member of the Maryland Class in an amount equal to his or her withheld and unpaid Maryland law required time-and-one-half overtime premium wages owed for overtime work exceeding 40 hours per week during the Relevant Period, statutory liquidated damages in an additional 2x (a total of trebled (3x) damages), pre- and post-judgment interest, and attorneys' fees and costs.

<u>**REQUEST FOR RELIEF**</u>

**WHEREFORE**, Plaintiff requests the following relief:

a)  An order facilitating Court-authorized notice pursuant to 29 U.S.C. § 216(b) to all FLSA Opt-In Plaintiffs;

b)  An order certifying this action as a FED. R. CIV. P. 23 Class Action on behalf of the proposed Maryland Class;

c)  An order designating the Plaintiff as representative of the Maryland Class and appointment of Plaintiff's counsel as counsel for the Maryland Class;

d)  An order declaring that Defendants failed to pay Plaintiff, the FLSA Opt-In Plaintiffs, and the Maryland Class in full compliance with the "salary basis" test;

e)  An order finding that Defendants violated Plaintiff and the FLSA Opt-In Plaintiffs' overtime compensation rights under the FLSA;

f)  An order finding that Defendants' violation of Plaintiff and the FLSA Opt-In Plaintiffs' overtime compensation rights was willful, or at least reckless, and not the product of good faith.

g)  An order finding Defendants jointly and severally liable to Plaintiff and the members of the Maryland Class under the FLSA for unpaid time-and-one-half

19

premium wages for all overtime worked within the Relevant Period, statutory liquidated damages in an equal amount, pre- and post-judgment interest, and attorneys' fees and costs in an amount to be determined by post-judgment petition.

h) An order finding that Defendants violated Plaintiff and the Maryland Class Members' overtime compensation rights under the MWHL;

i) An order finding that Defendants' violation of Plaintiff and the Maryland Class Members' overtime compensation rights under the MWHL was not the product of good faith.

j) An order finding Defendants jointly and severally liable to Plaintiff and the members of the Maryland Class under the MWHL for unpaid time-and-one-half premium wages for all overtime worked within the Relevant Period, statutory liquidated damages in an equal amount, pre- and post-judgment interest, and attorneys' fees and costs in an amount to be determined by post-judgment petition.

k) An order finding that Defendants violated Plaintiff and the Maryland Class Members' wage payment rights under the MWPCL;

l) An order finding that Defendants' violation of Plaintiff and the Maryland Class Members' wage payment rights under the MWPCL was knowing, willful, intentional, or at least reckless, and not the product of good faith or a *bona fide dispute*.

m) An order finding Defendants jointly and severally liable to Plaintiff and the members of the Maryland Class under the MWPCL for unpaid time-and-one-half premium wages for all overtime worked within the Relevant Period, an award of statutory liquidated damages in an additional 2x (a total of trebled (3x) damages),

20

pre- and post-judgment interest, and attorneys' fees and costs in an amount to be

determined by post-judgment petition; and

n) Such further relief as the Court deems just and equitable.

Dated: August 20, 2025          Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

/s/  Gregg C. Greenberg
**GREGG C. GREENBERG**
(To be Admitted *Pro Hac Vice*)
**EDITH THOMAS**
(To be Admitted *Pro Hac Vice*)
**THOMAS EILER**
(To be Admitted *Pro Hac Vice*)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax:  240-839-9142
ggreenberg@zagfirm.com
ethomas@zagfirm.com
teiler@zagfirm.com

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN &
GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*Counsel for Plaintiff, the FLSA Plaintiffs, and the Class Members*

21